United States District Court
Southern District of Texas
**ENTERED**
August 09, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARMEN LECHIN, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-2254 |
| UNITED AIRLINES, INC., ROBERTO TORRES, and LUIS CARDOSO, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Defendant United Airlines, Inc.'s ("United") Motion for Summary Judgment ("MSJ") (Docket Entry No. 15); Plaintiff's Memorandum in Support of Motion for Leave to File Amended Pleading ("Motion for Leave to Amend") (Docket Entry No. 25); and United Airlines, Inc.'s Response to Plaintiff's Motion for Leave and Motion to Strike Plaintiff's Corrected First Amended Complaint and Jury Demand ("United's Motion to Strike") (Docket Entry No. 29). For the reasons explained below, the Motion for Leave to Amend will be denied, United's Motion to Strike will be denied as moot, and the MSJ will be granted.

I. **Factual and Procedural Background**[1]

Plaintiff, Carmen Lechin, boarded a United flight that departed from George Bush Intercontinental Airport ("IAH") bound

---

[1] The factual background is drawn from Plaintiff's Original Petition, Exhibit 4 to Notice of Removal, Docket Entry No. 1-4, as well as uncontested allegations from the pending motions.

for Bogota, Colombia. En route, she became involved in an altercation with her then-husband. Lechin's husband signaled for assistance from a flight attendant, and United employee Samuel Oliver responded. After attempting to resolve the situation by reseating Lechin and seeking assistance from fellow flight attendant Sonya Rosadio, Oliver eventually recruited two passengers, Roberto Torres and Luis Cardoso,[2] to help him remove Lechin from the area. Oliver, Torres, and Cardoso restrained Lechin with "zip ties" and forcibly removed her from the first class area of the cabin. An off-duty Houston Police Department police officer, Nicole Anzola, offered her assistance and stayed with Lechin for the remainder of the flight.

The flight crew diverted the plane back to Houston and landed at IAH, at which time Lechin was arrested. Oliver and Rosadio gave statements to the Federal Bureau of Investigation. Lechin was eventually indicted by a grand jury for interfering with a flight attendant while in the performance of his duties by intimidation in violation of 49 U.S.C. § 46504. Lechin was tried and acquitted. She now brings this action against United for malicious prosecution and defamation.

---

[2]Lechin initially asserted an assault claim against Torres and Cardoso, but they have since been voluntarily dismissed without prejudice (Docket Entry No. 6). Lechin seeks to reintroduce those individual defendants by reasserting her original claims and adding new claims in her proposed Plaintiff's Corrected First Amended Complaint and Jury Demand ("Proposed Amended Complaint"), Docket Entry No. 26.

The parties participated in an initial pretrial and scheduling conference on September 23, 2016, during which the court entered a scheduling order.[3] The deadline for amending pleadings was set for October 21, 2016. That date passed with no amendments. United filed its MSJ on April 25, 2017. On May 10, 2017, Lechin retained new counsel and moved for additional time to respond to United's MSJ.[4] The court granted Lechin's motion.[5] On May 11, 2017, Lechin moved to amend the scheduling order to extend the deadline for expert designation.[6] The court again granted Lechin's motion.[7] Lechin made no mention of a need to amend her pleadings until June 8, 2017, when she moved for leave to file an amended complaint. Because Lechin's Proposed Amended Complaint, if permitted, would affect the court's summary judgment analysis, the court will first consider Lechin's Motion for Leave to Amend.

---

[3]Docket Control Order, Docket Entry No. 9.

[4]Plaintiff Carmen Lechin's Motion to Substitute Counsel, Notice of Appearance and Request for Expedited Consideration, Docket Entry No. 16; Plaintiff's Memorandum in Support of Motion for Continuance and Request for Expedited Consideration, Docket Entry No. 17.

[5]Order, Docket Entry No. 19.

[6]Plaintiff's Memorandum in Support of Motion to Modify Scheduling Order, Docket Entry No. 20.

[7]Order, Docket Entry No. 22; see also Amended Docket Control Order, Docket Entry No. 23.

## II. Motion for Leave to Amend

### A. Standard of Review

In cases for which the court has entered a scheduling order in compliance with Federal Rule of Civil Procedure 16, Federal Rule of Civil Procedure 16(b) provides the standard for motions to amend filed after expiration of the scheduling order's deadline for amendments. See Fed. R. Civ. P. 16(b)(3)(A) ("*Required Contents.* The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."). See also Marathon Financial Ins., Inc., RRG v. Ford Motor Co., 591 F.3d 458, 470 (5th Cir. 2009) ("Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired.") (citing Fahim v. Marriott Hotel Services, Inc., 551 F.3d 344, 348 (5th Cir. 2008)).

"Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" Marathon, 591 F.3d at 470 (quoting Fed. R. Civ. P. 16(b)(4)). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply." Id. at 536.

B. Analysis

Lechin has failed to demonstrate good cause for the court to grant leave to amend her pleadings over seven months after the deadline provided in the court's scheduling order. Lechin, incorrectly citing the more liberal standard of Rule 15(a), argues that she should be freely given leave to amend and that United will not be prejudiced by amendment. The court disagrees. Lechin's only argument in favor of amendment is that "[t]he new causes of action being added are well justified given the facts of the case."[8] Be that as it may, the alleged facts of the case have been known to Lechin all along. Lechin cites no new facts. Nor does the fact that Lechin "recently retained counsel"[9] provide good cause for a late amendment. D&M Specialties, Inc. v. Apache Creek Properties, L.C., Civil Action No. SA-12-CA-588-FB, 2014 WL 12493289, at *2 (W.D. Tex. May 12, 2014) (citations omitted) ("Substitution of counsel is not the type of satisfactory explanation for which relief may be granted under Rule 16.").

Even if Lechin had demonstrated good cause, the discovery cutoff is now less than three weeks away. United and the reintroduced defendants would be prejudiced by having to investigate at least four new claims in that time. And a continuance would not eliminate the potential prejudice. United

---

[8]Motion for Leave to Amend, Docket Entry No. 25, p. 2.

[9]Id.

"has conducted significant case and legal analysis, served and reviewed discovery, prepared and presented a witness for deposition, participated in mediation, and filed a motion for summary judgment."[10] United would likely have to revisit and redo a substantial portion of its existing discovery in light of Lechin's new claims. For these reasons, the court will not permit amendment.

### III. Motion for Summary Judgment

#### A. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing Fed. R. Civ. P. 56(c)). "In order to avoid summary judgment, the nonmovant must identify specific facts within the record that demonstrate the existence of a genuine issue of material fact." CQ, Inc. v. TXU Mining Company, L.P., 565 F.3d 268, 273 (5th Cir. 2009).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v.

---

[10]United's Motion to Strike, Docket Entry No. 29, p. 10.

Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). "Unsubstantiated assertions are not competent summary judgment evidence." Hugh Symons Group, plc v. Motorola, Inc., 292 F.3d 466, 468 (5th Cir. 2002) (citing Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986)). And "[m]ere conclusory allegations are not competent summary judgment evidence." Id. (citing Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996)).

## B. Montreal Convention Preemption

The parties dispute whether and to what extent The Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. TREATY DOC. No. 106-45, 2242 U.N.T.S. 309, 1999 WL 33292734 ("the Montreal Convention") applies to Lechin's claims. As the parties' arguments demonstrate, there is no straightforward application of the Montreal Convention and related case law to the unusual facts before the court. Moreover, there is a dearth of applicable precedent. Because Lechin's claims cannot survive summary judgment even assuming that the Montreal Convention does not preempt the claims, the court will forego a preemption analysis that would likely be of little use to courts in future actions and address whether Lechin has demonstrated the existence of a genuine issue of material fact.

## C. Malicious Prosecution

To prevail on a malicious prosecution claim under Texas law, a plaintiff must establish: "(1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff." Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997) (citations omitted). United argues that Lechin's claim should be dismissed as a matter of law because United did not initiate or procure prosecution. Ordinarily "a person cannot be liable for malicious prosecution if 'the decision whether to prosecute is left to the discretion of another, including a law enforcement official or the grand jury, unless the person provides information which he knows is false.'" King v. Graham, 126 S.W.3d 75, 76 (Tex. 2003) (quoting Browning-Ferris Industries, Inc. v. Lieck, 881 S.W.2d 288, 293 (Tex. 1994)). Since Lechin was indicted by a grand jury, United cannot be liable for malicious prosecution unless it knowingly provided false information.

United argues that the record contains no evidence that it reported false information. Lechin's Response[11] cites only two sources containing statements attributable to United, but does not

---

[11]Plaintiff's Memorandum in Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 27.

-8-

specifically identify any false information in either source. Lechin refers to Rosadio's statement to the FBI, which Lechin characterizes as showing that "Rosadio had told Sam Oliver that the situation was under control . . . but he chose to ignore her."[12] Even accepting Lechin's characterization, the court cannot reasonably infer from the statement that United provided false information to law enforcement officials. Lechin also refers to a statement from Oliver's Deposition in which he acknowledges that the information he gave to law enforcement "would be important."[13] That statement, like Rosadio's, does not establish a genuine issue of material fact as to whether United knowingly provided false information. Lechin's arguments rely on unwarranted inferences and conclusory allegations. In light of a complete lack of record evidence for an essential element of Lechin's claim, the claim cannot survive summary judgment.

D.  **Defamation**

"Texas law allows a cause of action for defamation where the defendant: (1) published a statement, (2) that was defamatory as to the plaintiff, (3) 'while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement.'" Hill v. Anderson, 420 F. App'x 427,

---

[12] Id. at 25-26.

[13] Id. at 27.

434 (5th Cir. 2011) (quoting WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998)). United argues that there is no record evidence of any specific statement published by United that could serve as the basis for Lechin's defamation claim. The court agrees, and Lechin fails to address United's argument in her Response. United's Motion will therefore be granted as to this claim.

### IV. Conclusions and Order

For the reasons explained above, the court concludes that plaintiff has not shown good cause for permitting her to amend her pleading more than seven months after the original deadline for amendment. Plaintiff's Motion for Leave to Amend (Docket Entry No. 25) is therefore **DENIED**. Because Plaintiff is not permitted to amend, Defendant's Motion to Strike Plaintiff's Corrected First Amended Complaint (Docket Entry No. 29) is **DENIED as moot**. The court also concludes that defendant is entitled to judgment as a matter of law on all claims. Defendant United Airlines, Inc.'s Motion for Summary Judgment (Docket Entry No. 15) is therefore **GRANTED**.

**SIGNED** at Houston, Texas, on this the 9th day of August, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE